**B1040 (FORM 1040) (12/24)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Virgil E. Brown, Jr., Chapter 7 Bankruptcy Trustee for the Bankruptcy Estate of Eugene Love | DEFENDANTS<br>Robert Gitmeld & Associates |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Glenn E. Forbes, Esq. (0005513)<br>FORBES LAW LLC<br>166 Main Street \| Painesville, OH 44077<br>Voice: (440) 739-6211 ext. 128 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor  □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>□ Debtor  □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

to seek monetary damages, attorney's fees, the Estate's costs in this action and any other relief to which the Estate may be entitled to compensate the Sanders bankruptcy Estate for fraudulent transfers in violation of 11 U.S.C. §548

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☒ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>EUGENE LOVE | 24-14438 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISION OFFICE<br>Eastern | SUZANA KRSTEVSKI KOCH |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>4-4-2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Glenn E Forbes, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Eugene Love | ) | Case No. 23-14438 |
| | ) | |
| Debtor | ) | Judge Koch |
| | ) | |
| _____ | ) | _____ |
| | ) | |
| Virgil E. Brown, Jr., Chapter 7 Bankruptcy | ) | Adversary Proceeding No.: |
| Trustee for the Bankruptcy Estate of | ) | |
| Eugene Love | ) | Judge Koch |
| | ) | |
| Plaintiff | ) | **Complaint to Avoid and Recover** |
| | ) | **Fraudulent Transfer** |
| v. | ) | |
| | ) | |
| Robert Gitmeld & Associates | ) | |
| 11 Broadway, Suite 890 | ) | |
| New York, New York 10004 | ) | |
| | ) | |
| Defendant | ) | |

### Preliminary Statement

Plaintiff Virgil E. Brown, Jr., ("Brown"), the duly appointed Chapter 7 Trustee for the bankruptcy estate of Eugene Love ("the Estate") brings this action to seek monetary damages, attorney's fees, the Estate's costs in this action and any other relief to which the Estate may be entitled to compensate the Love bankruptcy Estate for fraudulent transfers in violation of 11 U.S.C. §548.

### Jurisdiction and Venue

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(a) and 1334 and Local General Order Number 2012-7, dated April 4, 2012 and is brought pursuant to Fed. R. Bankr. Pro. 7001(1). Venue is proper in this court pursuant to U.S.C. §1408(1) and Loc. Bankr. Rule 1071.1. This proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. §l 57(b)(2)(A), (E), and (H). To the extent that the claim asserted in this case is later determined not to be a core proceeding, it is directly related to the bankruptcy case referenced above.

1.     Brown consents to the referral of this adversary proceeding to the bankruptcy judge to herein determine and to enter appropriate orders and judgments.

**Parties**

2. Brown is the duly appointed, acting and qualified trustee in this case which was commenced by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 19, 2023 by the Estate.

3. Gitmeld Law Group ("Gitmeld") is a New York limited liability corporation located in New York, NY.

4. At all times relevant to this action, Gitmeld was engaged in the business of debt adjustment.

5. During all t i m e s relevant to this action, Gitmeld regularly engaged in business in Ohio and directed solicitations to residents of Ohio.

6. Gitmeld purposefully availed itself of the Ohio marketplace and secured the benefits of that marketplace.

7. Gitmeld conduct included some or all of the following, among other things:

   a. holding itself out to the public, including consumers such as Love in Ohio, as providing services in the management of debts by effecting the adjustment, compromise, or discharge of.any account, note or other indebtedness of its customers;

   b. holding itself out as an expert in settling unsecured consumer debt for less than what is owed to a creditor;

   c. directing business solicitations into the State of Ohio seeking participation in Gitmeld debt settlement program;

   d. contracting in Ohio with Ohio consumers for various services, including debt settlement or debt adjustment services; and

   e. offering to perform and performing activities for Ohio residents, including debt settlement services.

8. In 2023, Love was experiencing financial difficulty, including difficulty in paying

their unsecured debts as they became due.

9. Upon information and belief, in 2023, Love was insolvent on a book value basis as the fair market value of their liabilities exceeded the fair market value of their assets.

10. They contacted Gitmeld.

11. Gitmeld agents or employees made various promises to them about the purported benefits of the services offered by Gitmeld.

12. Love would not have contracted with Gitmeld had it not been for the oral representations made to him by Gitmeld's representatives the services and results Gitmeld could achieve for them.

13. Although Gitmeld convinced Love that bankruptcy was not in their best interests, the truth is quite the opposite. A study from February 23, 2015 by the New York

3

Federal Reserve Bank shows that individuals who file for bankruptcy fare much better financially and see a sharp increase in their credit score as opposed to consumers that do not file.

14. Upon information and belief, Gitmeld illegally charged Love a fee of between 21%-to 25% of the "enrolled amount" of a particular settled debt, which resulted in Gitmeld receiving a fee in excess of the maximum amount permitted under Ohio law.

## Payments to Freedom Debt Relief

15. Love made $3,852.00 in payments to Gitmeld and received nothing substantive in exchange.

16. Gitmeld made various misrepresentations or non-disclosures in an effort to induce Love retain its services, including but not limited to:

    a. That they could settle their debts for significantly less than the balances owed;

    b. that attempting a debt settlement program would be better for them financially than other alternatives such as bankruptcy; and

    c. that they would receive substantial value in return for the money paid.

17. On December 19,2023, Love filed for Chapter 7 bankruptcy protection. The case was styled *In re Eugene Love,* Case No.: 23-14438 in the records of this court.

18. Plaintiff Virgil E. Brown, Jr. was appointed as the trustee for Love's bankruptcy Case No. 23-14438 on about December 19, 2023.

## Claim for Relief: Avoidance & Recovery Pursuant to 11 U.S.C. §548(a)(l)(B)

19. All prior paragraphs are incorporated by reference into this claim.

20. According to the sworn testimony of Love at their 11 U.S.C. §341 hearing, the information contained in Love's petition and schedules, verified by them as being true and accurate under penalty of perjury, and the documentation submitted to initial case trustee after Love's 341 hearing, Love entered into an agreement for debt settlement services with Gitmeld.

21. The Estate does not know if Love signed a written agreement with Gitmeld with respect to Gitmeld's services. The initial case trustee asked Love's counsel for all documentation in Love's possession regarding the services provided by Gitmeld, but no written contract was received.

22. Gitmeld was to provide debt settlement services with respect to certain of Love's unsecured consumer debts so that he would not have to file for bankruptcy.

23. Gitmeld received approximately $3,852.00 from Love within the two years prior to the filing of his bankruptcy case for its purported services.

24. Love was insolvent as of the time of the transfer or, alternatively, was rendered insolvent by the transfer of the funds.

25. Despite having paid $3,852.00 to Gitmeld for its services, Love had to file for Chapter 7 bankruptcy.

26. The fee received for the work to be performed by Gitmeld is grossly disproportionate to the value of the services to be rendered.

27. Love did not receive a reasonably equivalent value in exchange for the funds received by Gitmeld.

28. The above-described transfer was a fraudulent conveyance pursuant to the terms of 11 U.S.C. §548 that may be avoided by Brown with the funds being recovered by Brown for the benefit of the Estate pursuant to 11 U.S.C. §550.

29. As a direct result of the transfer being a fraudulent conveyance, The Estate is Entitled to recovery of the·$3,852.00 from Gitmeld for the benefit of the Estate's bankruptcy estate.

30. The Estate is also entitled to its attorney's fees and the costs of this action.

## Prayer for Relief

Wherefore, .Plaintiff prays for judgment against the Defendant as follows:

1. for judgment for the Plaintiff and against Defendant avoiding and setting aside the fraudulent transfer;

2. for judgment in favor of the Plaintiff and against the Defendant in the amount of $3,852.00 plus interest, costs, and

3. for any and all other legal or equitable relief to which Plaintiff may be entitled.

Respectfully submitted,
*/s/ Glenn E. Forbes, Esq.*
Glenn E. Forbes, Esq. (0005513)
FORBES LAW LLC
166 Main Street | Painesville, OH 44077
Voice: (440) 739-6211
eFax: 850-988-7066
gforbes@geflaw.net | bankruptcy@geflaw.net